IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HURSTLE WATSON and KEITH PURCELL, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: |
| v. | ) ) ) | |
| HARRIS DIVERSIFIED, LLC and RICHARD LEE HARRIS, | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

### I. NATURE OF THE CLAIMS

PLAINTIFFS HURSTLE WATSON and KEITH PURCELL ("PLAINTIFFS") assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation and attorneys fees, on the grounds set forth below.

### II. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b).

1

2. This Court has venue for all causes of action stated herein pursuant to 28 U.S.C § 1391(b)(2) as the acts alleged as a basis for the claims at issue took place within this Court's jurisdictional boundaries.

### III.  PARTIES

3. PLAINTIFF WATSON is a United States citizen who resides in Dallas, Paulding County, Georgia.

4. PLAINTIFF PURCELL is a United States citizen who resides in Dallas, Paulding County, Georgia.

5. DEFENDANT HARRIS DIVERSIFIED, LLC is a corporation doing business within this judicial district and is subject to the jurisdiction of this Court.

6. Throughout the relevant period of this lawsuit, DEFENDANT RICHARD LEE HARRIS asserted control of the company's day-to-day operations at the locations where PLAINTIFFS worked, and had direct responsibility for the supervision of PLAINTIFFS and therefore is an employer within the meaning of the FLSA, 42 U.S.C. § 203(d) and is not exempt under the Act.

7. PLAINTIFFS are former employees of DEFENDANTS who were denied proper overtime compensation during the relevant period of their employment.

8.      DEFENDANTS employed PLAINTIFFS as employees and therefore DEFENDANTS are employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and is not exempt under the Act.

9.      Throughout PLAINTIFFS' employment, DEFENDANT HARRIS DIVERSIFIED, LLC had employees engaged in commerce and its annual gross volume of sales made was more than $500,000.  Therefore, throughout PLAINTIFFS' employment DEFENDANT HARRIS DIVERSIFIED, LLC was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

## IV.  FACTUAL ALLEGATIONS

10.     PLAINTIFF WATSON was employed by DEFENDANTS from about February 2011 to January 2012.

11.     PLAINTIFF PURCELL was employed by DEFENDANTS from about July 2011 to January 2012.

12.     Throughout PLAINTIFFS' employment, they were employed by DEFENDANTS to set up power generators for large events.

13.     Throughout PLAINTIFFS' employment, they were paid at an hourly rate.

14.     Throughout PLAINTIFFS' employment, their primary duties involved setting up power generators for large events.

15. Throughout PLAINTIFFS' employment, they were engaged in commerce and were employed by an enterprise engaged in commerce within the meaning of the FLSA and therefore are expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

16. Throughout PLAINTIFFS' employment, they were classified as non-exempt employees for purposes of the FLSA.

17. Throughout PLAINTIFFS' employment, their primary duties conformed to a very specific standard of conduct that did not involve the exercise of discretion and independent judgment.

18. Throughout PLAINTIFFS' employment, their primary duties did not involve professional, administrative or managerial duties.

19. Throughout PLAINTIFFS' employment, they worked over forty (40) hours per week.

20. Throughout PLAINTIFFS' employment, DEFENDANTS were aware of the extra hours PLAINTIFFS worked each week in excess of 40 hours because DEFENDANT RICHARD LEE HARRIS was present when PLAINTIFFS worked the extra hours.

21. Throughout PLAINTIFFS' employment, DEFENDANTS did not pay PLAINTIFFS overtime compensation for all the work PLAINTIFFS performed in

excess of 40 hours in a workweek at the rate of one and one-half times PLAINTIFFS' respective regular hourly rates.

22.     Throughout PLAINTIFFS' employment, PLAINTIFFS' pay stubs were prepared from information provided by DEFENDANTS.  Throughout PLAINTIFFS' employment, PLAINTIFFS' pay stubs state that PLAINTIFFS worked more than 40 hours in a workweek.  However, throughout PLAINTIFFS' employment, DEFENDANTS did not pay PLAINTIFFS proper overtime compensation for all the work they performed in excess of 40 hours in a workweek at the rate of one and one-half times PLAINTIFFS' respective regular hourly rates.

23.     Throughout PLAINTIFFS' employment, there is no evidence that the conduct of DEFENDANTS that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

24.     Throughout PLAINTIFFS' employment, DEFENDANTS knowingly, intentionally and willfully violated the FLSA by failing to pay PLAINTIFFS the overtime compensation and other compensation to which PLAINTIFFS were entitled.

25.     DEFENDANTS admitted to a United States Department of Labor investigator that they owe PLAINTIFFS past due overtime compensation but that DEFENDANTS "just don't feel like paying it."

## VI. **CLAIM**

### *Count 1 – 29 U.S.C. § 207*
### (Overtime Compensation Due Under the FLSA)

26. PLAINTIFFS re-allege paragraphs 1-25 above and incorporate them by reference as if fully set forth herein.

27. By engaging in the above-described conduct, DEFENDANT HARRIS DIVERSIFIED, LLC and DEFENDANT RICHARD LEE HARRIS violated the FLSA with respect to PLAINTIFFS.

28. By engaging in the above-described conduct, DEFENDANT HARRIS DIVERSIFIED, LLC and DEFENDANT RICHARD LEE HARRIS knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFFS.

29. Throughout the relevant period of this lawsuit, there is no evidence that the conduct of DEFENDANT HARRIS DIVERSIFIED, LLC and DEFENDANT RICHARD LEE HARRIS that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

30. As a direct and proximate result of the above-described conduct, PLAINTIFFS have lost wages.

31. Said violations give rise to claims for relief under the FLSA for PLAINTIFFS for past due overtime compensation for three years prior to the filing of this Complaint, prejudgment interest, liquidated damages in an amount equal to

6

the unpaid compensation, declaratory and injunctive relief and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 201 *et seq.*

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS respectfully pray that this Court do the following:

1. Issue a declaratory judgment that DEFENDANT HARRIS DIVERSIFIED, LLC and DEFENDANT RICHARD LEE HARRIS have engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFFS;

2. Require DEFENDANT HARRIS DIVERSIFIED, LLC and DEFENDANT RICHARD LEE HARRIS to pay PLAINTIFFS for past due overtime compensation calculated at one and one-half times the proper normal rate that PLAINTIFFS would have received but for unlawful conduct going back three (3) years from the date this Complaint was filed;

3. Require DEFENDANT HARRIS DIVERSIFIED, LLC and DEFENDANT RICHARD LEE HARRIS to pay PLAINTIFFS liquidated damages as provided for under the Fair Labor Standards Act;

4. Award PLAINTIFFS their reasonable attorneys' fees and costs and expenses of suit arising from DEFENDANTS' violations under the Fair Labor Standards Act;

5. Permit a trial by jury on all issues so triable; and

6. Provide such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

**PLAINTIFFS hereby demand a jury trial on all claims for which they have a right to a jury.**

*s/ Alan H. Garber*
Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
THE GARBER LAW FIRM, P.C.
Suite 14
4994 Lower Roswell Road
Marietta, GA  30068
(678) 560-6685
(678) 560-5067 (facsimile)

**COUNSEL FOR PLAINTIFFS**