# Exhibit A
# (Proposed Settlement Agreement)

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

For and in consideration of the Settlement Payment and other consideration described herein, HURSTLE WATSON ("WATSON"), KEITH PURCELL ("PURCELL") (collectively the "PLAINTIFFS"), and RICHARD LEE HARRIS ("HARRIS"), and HARRIS DIVERSIFIED, LLC ("HARRIS DIVERSIFIED") (collectively the "DEFENDANTS") enter into this Settlement Agreement and Release of Claims (hereinafter referred to as the "Agreement").

1.    **Consideration:**   The consideration described herein is payable subject to the Court's approval of the parties' Joint Motion To Approve The Settlement Of Plaintiffs' Claims Under The Fair Labor Standards Act ("Joint Motion To Approve Settlement").

**i.  WATSON**. HARRIS AND HARRIS DIVERSIFIED agree to pay to WATSON the total sum of Seven Thousand Nine Hundred Thirty-Five Dollars and Thirty Cents ($7,935.30) in consideration for WATSON'S compliance with his obligations under this Agreement, subject to all applicable statutory deductions in accordance with normal payroll procedures.  A 1099 tax form will be issued to WATSON for this payment.  The payment will be made within seven (7) business days after the Court enters an Order granting the parties' Joint Motion To Approve Settlement.. WATSON agrees to pay any and all taxes, interest or penalties determined by appropriate taxing authorities to be owed by him, and that he will hold harmless and indemnify the Defendants against the assertion of any claim for any such taxes, assessments, or related interest or penalties. WATSON acknowledges that, but for the execution of this Agreement, he would not be entitled to receive this monetary consideration or other consideration provided for in this Agreement.

WATSON further agrees that the consideration stated herein fully compensates him for any and all alleged back wages, overtime wages, damages, attorneys' fees, and costs, and that he neither seeks nor is entitled to any further wages, pay, overtime compensation or relief.   The parties acknowledge the adequacy of consideration provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

**ii.  PURCELL**. The Defendants agree to pay to PURCELL the total sum of Two Thousand Twenty-Eight Dollars and Ninety-Six Cents ($2,028.96) in consideration for PURCELL'S compliance with his obligations under this Agreement, subject to all applicable statutory deductions in accordance with normal payroll procedures. A 1099 tax form will be issued to PURCELL for this payment.  The payment will be made within seven (7) business days after the Court enters an Order granting the parties' Joint Motion To Approve Settlement.. PURCELL agrees to pay any and all taxes, interest or penalties determined by appropriate taxing authorities to be owed by him, and that she will hold harmless and indemnify the Defendants against the assertion of any claim for any such taxes, assessments, or related interest or penalties.  PURCELL acknowledges that, but for the execution of this Agreement, he would not be entitled to receive this monetary consideration or other consideration provided for in this Agreement.

PURCELL further agrees that the consideration stated herein fully compensates him for any and all alleged back wages, overtime wages, damages, attorneys' fees, and costs, and that he neither seeks nor is entitled to any further wages, pay, overtime compensation or relief.   The parties acknowledge the adequacy of consideration

provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

> **iii. Plaintiffs' Counsel.** The Defendants shall make payment in the amount of Six Thousand Four Hundred Ninety Dollars and Sixty-Two Cents ($6,490.62) to Plaintiffs' attorney, Alan H. Garber, Esq. A 1099 tax form will be issued directly to The Garber Law Firm, P.C. for that amount. The payment will be made within seven (7) business days after the Court enters an Order granting the parties' Joint Motion To Approve Settlement.

> **iv. Other Fees and Costs.** Plaintiffs and their counsel shall have no claim to any payments other than the foregoing. All parties will bear their respective additional attorneys' fees and costs.

**2.     Dismissal of Lawsuit With Prejudice:**   WATSON and PURCELL are the plaintiffs in a case styled *Hurstle Watson and Keith Purcell.*, Case No. 1:12-cv-00898-WSD ("Lawsuit"), which is in the United States District Court for the Northern District of Georgia, Atlanta Division.   By executing this Agreement, Plaintiffs and their counsel have agreed to dismiss the Lawsuit with prejudice within 5 working days following the receipt of the payments in Paragraph 1, above.

**3.     Release of Claims and Covenant Not to Sue:**   In consideration of this Agreement, WATSON and PURCELL hereby irrevocably and unconditionally settle, waive, release and discharge all claims asserted in the pleadings filed in the case styled *Hurstle Watson and Keith Purcell.*, Case No. 1:12-cv-00898-WSD ("Lawsuit"), which is in the United States District Court for the Northern District of Georgia, Atlanta Division. WATSON and PURCELL also waive any and fully release any other claims which could be raised as of the date of the execution of this Agreement, with the exception of a claim by either to enforce the terms and conditions of this Agreement. This release specifically includes, without limitation, all claims based on discrimination, harassment, or retaliation on the basis of national origin, age, sex, gender, pregnancy, race, color, religion, handicap, disability, marital status, genetic information, and common claims such as pain and suffering, and any other category protected by law under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Rehabilitation Act of 1973, COBRA, the Equal Pay Act, the Fair Labor Standards Act, and any and all other federal, state and local antidiscrimination laws, common-law principles and equitable principles relating to discrimination in employment or otherwise regulating the employment relationship or affecting the health, safety and welfare of employees in the workplace or in connection with their employment.

**4.     Effective Date.**   This Agreement shall be effective as provided in the Acknowledgment of Rights and Waiver of Claims under the Age Discrimination in Employment Act ("ADEA").   WATSON and PURCELL acknowledge that they are knowingly and voluntarily waiving and releasing any rights they may have under the Age Discrimination in Employment Act ("ADEA").   WATSON and PURCELL also acknowledges that the consideration given for the waiver and release in the following paragraph is in addition to anything of value to which they were already entitled.   The parties further acknowledge that WATSON and PURCELL have been advised by this writing, as required by the Older Workers' Benefit Protection Act, and the parties agree, that:  (a) **WATSON'S and PURCELL'S waiver and release does not apply to any rights or claims that may arise after the Effective Date of this Agreement; (b) WATSON and PURCELL have consulted their attorney, Alan Garber, prior to**

executing this Agreement; (c) **WATSON** and **PURCELL** have at least twenty-one (21) days to consider this Agreement (although they may by their own choice execute this Agreement earlier); (d) **WATSON** and **PURCELL** have until seven (7) days following the execution of this Agreement by the parties to revoke the Agreement by delivering written notice to Claud L. McIver at Fisher & Phillips, 1075 Peachtree Street NE, Suite 3500, Atlanta, Georgia 30309; and (e) this Agreement shall not be effective until the date upon which the revocation period has expired ("Effective Date").

- WATSON and PURCELL may revoke this Agreement only by giving the formal, written notice of his revocation of this Agreement, to be received by Claud L. McIver no later than the close of business on the seventh day following their execution of this Agreement. In the event that WATSON and PURCELL exercises their right of revocation, the Parties will have no obligations under this Agreement.

**5.** **No Future Application For or Acceptance of Employment**: WATSON and PURCELL shall neither apply for nor accept future employment with HARRIS DIVERSIFIED. WATSON and PURCELL recognize that, should they be employed by any entity that is later acquired by the Defendants or any of its subsidiaries or affiliates, their employment will be terminated.

**6.** **Non-Admission of Wrongdoing:** WATSON and PURCELL acknowledge that HARRIS and HARRIS DIVERSIFIED deny that they have violated any law, statute, regulation or other legal duty relating to them. WATSON and PURCELL further understand and agree that this Agreement is for the compromise of potential and disputed claims and that neither this Agreement nor the consideration provided herein shall be construed to be an admission of liability or wrongdoing on the part of HARRIS or HARRIS DIVERSIFIED.

**7.** **Confidentiality:** Unless otherwise required by force of law, WATSON and PURCELL agree to keep the fact and terms of this Agreement completely confidential and will only disclose it to their counsel, immediate family members, the appropriate tax authorities, and/or tax preparer, provided that such individuals agree in advance of any such disclosure to keep the information confidential and not to disclose it to others. Upon inquiry regarding this lawsuit, WATSON and PURCELL or their authorized representations shall state only that the matter has been resolved to the mutual satisfaction of the parties. WATSON and PURCELL agree that any violation of this Confidentiality Provision may cause irreparable harm to Defendants and will seriously interfere with the purpose of this Agreement, which is to accomplish a private, unpublished resolution and release of claims.

If either Plaintiff breaches this confidentiality provision as proven to a court of competent jurisdiction, such Plaintiff agrees to pay as liquidated damages one-half of any amounts they received in Paragraph 1 above.

**8.** **Non-Disparagement:** WATSON and PURCELL agree that they will not make negative, disparaging, or critical remarks about Defendants, or any past or present employees, officers, directors or agents of HARRIS DIVERSIFIED.

**9.** **Arbitration**: The parties agree that any controversy or claim arising out of or relating to this Agreement, or any dispute arising out of the interpretation or application of this Agreement shall be resolved by binding arbitration pursuant to the Federal Arbitration Act and any applicable state law before a retired federal or Georgia state court judge and that Georgia

will be the proper forum for the arbitration. The arbitration proceedings will follow the federal rules of civil procedure and evidence. Notwithstanding the foregoing, each party hereto shall have the right to obtain a temporary restraining order or preliminary injunction to enforce its rights under this Agreement in order to protect its rights until such time as an arbitrator makes a final decision. The prevailing party in any proceeding under this Paragraph shall be entitled to a monetary award pursuant to this Agreement in accordance with the amount of damages suffered by the prevailing party as a proximate result of the breach, as well as an award of attorney fees and costs incurred by the prevailing party as a consequence of such proceeding. However, attorney fees and costs shall not be awarded in the absence of a finding of independent monetary damages to the prevailing party.

In the event that arbitration is needed, the parties agree to utilize the services of Adrienne Fechter of Fechter Mediation and Arbitration Services, LLC for such proceedings.

**10.    Governing Law and Jurisdiction**.  This Agreement shall be interpreted under the law of the State of Georgia, both as to interpretation and performance.

**11.    Acknowledgement:**  WATSON and PURCELL represent and warrant that:

**a.**    they are fully authorized to execute this Agreement and that they have not assigned, transferred or pledged all or any portion of the claims hereby released;

**b.**    they are represented by counsel and consulted with counsel before signing this Agreement;

**c.**    they accept this Agreement knowingly and voluntarily, and they were not intimidated, coerced or pressured.

**12.    Complete and Entire Understanding and Enforceability:**  The foregoing constitutes the complete and entire understanding of the parties, and no modifications or additions shall be valid unless in writing and signed by all parties.  If any provision of this Agreement shall be held invalid or unenforceable, the remainder of this Agreement shall nevertheless remain in full force and effect.  If any provision is held invalid or unenforceable with respect to particular circumstances, it shall nevertheless remain in full force and effect in all other circumstances.

**13.    Counterparts**.  This Agreement may be executed in counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument.

**14.    Release of any Age Discrimination Claim.    In compliance with the requirements of the Age Discrimination in Employment Act (ADEA), as amended by the Older Workers' Benefit Protection Act (OWBPA), WATSON and PURCELL acknowledge by their signatures below that, with respect to the rights and claims waived and released herein under the ADEA and OWBPA:**
- **WATSON and PURCELL have read and understood this Agreement;**

- **WATSON and PURCELL were given at least twenty-one (21) days to consider this Agreement;**

- **WATSON and PURCELL were advised in writing, via this Agreement, to consult with an attorney before signing this Agreement;**

4

- WATSON and PURCELL consulted with his attorney, Alan Garber, before signing this Agreement;

- WATSON and PURCELL is releasing HARRIS and HARRIS DIVERSIFIED from, among other things, any claims of age discrimination under the ADEA or OWBPA; and

- WATSON and PURCELL understand that the release of age discrimination claims contained in this Agreement does not cover any rights or claims that may arise after the date of this Agreement against HARRIS or HARRIS DIVERSIFIED.

WATSON AND PURCELL DECLARE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, CONSULTED AN ATTORNEY, UNDERSTAND THIS AGREEMENT, AND EXECUTE THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

**Signatures:**

5-31-12
Date

HURSTLE WATSON

5-31-12
Date

KEITH PURCELL

Accepted by Counsel to Plaintiffs:

5-31-12
Date

ALAN GARBER, ESQ.

**Signatures:**

6/6/12
Date

RICHARD LEE HARRIS

6/6/12
Date

An authorized representative of HARRIS DIVERSIFIED, LLC

5